UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WESLEY McINTOSH, ) | Case No. CV 13-4143 RGK (AJW) |
| Plaintiff, ) | |
| ) | ORDER REGARDING DISMISSAL |
| v. ) | Fed. R. Civ. P. 41(b) |
| ) | |
| SKID ROW HOUSING TRUST, et al ) | |
| Defendant(s). ) | |

Plaintiff , a non-prisoner proceeding pro se and in forma pauperis, filed a first amended complaint for monetary and injunctive relief pursuant to 42 U.S.C. § 1983. On July 22, 2014, an order was filed accepting the Report and Recommendation (the "Order"). Pursuant to the Order, plaintiff's claims against defendants Skid Row Housing Trust, Olympia Hotel, Bridgette Walker, and Willie Earvin were dismissed with prejudice. Plaintiff's Fourth Amendment claims against the City of Los Angeles, the Los Angeles Police Department ("LAPD"), and LAPD Officers Johnny Cervantes and William Allen remain pending. [See Report and Recommendation at 11 & n.3].

A copy of the Order was mailed to plaintiff at his address of record. On July 29, 2014, the copy of the Order that had been mailed to plaintiff was returned by the United States Postal Service with the notation "Addressee Unknown" on the envelope. Plaintiff did not file a notice of address change prior to service of the Order, nor has he done so since.

On October 22, 2014, an order to show cause regarding dismissal (the "OSC") was issued. The

OSC stated, in part:

> Local Rule 41-6 requires a pro se litigant "to keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any." Local Rule 41-6 also authorizes dismissal of an action for want of prosecution if mail sent to a pro se plaintiff's address of record "is returned undelivered by the Postal Service," and, within fifteen days of the service date, the plaintiff fails to notify the Court and opposing parties in writing of his or her current address. C.D. Cal. Local R. 41-6.
>
> Accordingly, within **twenty-one (21) days** of the date of this order, plaintiff is ordered to show cause, if any there be, why this action should not be dismissed pursuant to Local Rule 41-6. Plaintiff may attempt to show cause by filing a declaration under penalty of perjury, with supporting exhibits if needed.
>
> **Plaintiff is cautioned that failure to respond to this order within the time allowed, or failure to show good cause as described in this order, may lead to the dismissal of this action with prejudice.** See **Fed. R. Civ. P. 41(b)**; **C.D. Cal. Local R. 41-6.**

[OSC at 1 (emphasis in original)].

On November 10, 2014, the copy of the OSC that had been mailed to plaintiff at his address of record was returned by the United States Postal Service. There was no notation on the envelope; however, an "X" had been written in blue ink across plaintiff's address.

**Dismissal pursuant to Fed. R. Civ. P. 41(b)**

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); C. D. Cal. Local R. 7-12, 41-1, 41-6; Link v. Wabash R. Co., 370 U.S. 626, 629-630 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.) (per curiam), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). 626, 629-630 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendar of the District Courts." Link, 370 U.S. at 629-630. The Ninth Circuit has upheld the dismissal of a pro se prisoner's civil rights action under Rule 41(b) pursuant to a local rule very similar to the Central District of California's Local Rule 41-6. See Carey, 856 F.2d at 1440-1441.

In determining whether to dismiss a case for failure to prosecute, failure to comply with court orders, or failure to comply with a local rule, a district court should consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. See In re Phenylpropanolamine (PPA) Prod. Liability Litig.,460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing and applying those factors); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (same), cert. denied, 538 U.S. 909 (2003); see, e.g., Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (failure to comply with discovery orders); Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (failure to prosecute), cert. denied, 523 U.S. 1007 (2001); Carey, 856 F.2d at 1441 (failure to follow local rule). Regardless of whether a litigant's conduct is most properly characterized as failure to prosecute or to comply with a court order or rule, the applicable standard is the same.

The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Pagtalunan, 291 F.3d at 642 (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." In re PPA Prod. Liab. Litig.,460 F.3d at 1227. "[D]ismissal serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket." In re PPA Prod. Liab. Litig., 460 F.3d at 1234.

The second factor—the court's need to manage its docket—also favors dismissal. Plaintiff's failure to provide the court with a correct address frustrates the "legitimate and solitary objective" of Local Rule 41-6, "which is to give pro se litigants an incentive to inform the

1  court of any change of address to allow for the orderly processing of the lawsuit." Carey, 856
2  F.2d at 1441; see generally Ferdik, 963 F.2d at 1261 (noting the importance of "preserv[ing] the
3  district courts' power to manage their dockets without being subject to the endless vexatious
4  noncompliance of litigants").

5  The third factor—prejudice to the defendants or respondents—supports dismissal. A rebuttable
6  presumption of prejudice to the defendant arises when a plaintiff unreasonably delays
7  prosecution of an action. In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir. 1994) (citing
8  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)); see Henderson v. Duncan, 779
9  F.2d 1421 1425 (9th Cir. 1986) ("[A]lthough no specific showing of prejudice to defendants is made,
10 the integrity of the district court is involved. In this case, the district court did warn explicitly of the
11 consequences of counsel's dilatory behavior . . . .").

12 The fourth factor—the availability of less drastic sanctions—also supports dismissal.
13 After the Order was returned in the mail as undeliverable, this action could have been
14 dismissed pursuant to Rule 41(b) and Local Rule 41-6 without further notice to plaintiff.
15 See Carey, 856 F.2d at 1440-1441. In an abundance of caution, however, the Court issued
16 the OSC, which ended up merely "taking a round trip tour" through the mail. Carey, 856
17 F.2d at 1441 (concluding that "no less drastic sanction . . . was available to the district court.
18 . . . The district court could not contact [the plaintiff] to threaten him with some lesser
19 sanction. An order to show cause why dismissal was not warranted or an order imposing
20 sanctions would only find itself taking a round trip tour through the United States mail.");
21 see also In re PPA Prod. Liability Litig., 460 F.3d at 1229 ("Warning that failure to obey a court order
22 will result in dismissal can itself meet the 'consideration of alternatives' requirement."); Anderson, 542
23 F.2d at 525 ("There is no requirement that every single alternative remedy be examined by the court
24 before the sanction of dismissal is appropriate. The reasonable exploration of possible and meaningful
25 alternatives is all that is required.").

26 The fifth factor—the public policy favoring disposition of cases on their merits—weighs against
27 dismissal, as it always does. Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138
28 F.3d 393, 399 (9th Cir. 1998)). Despite the policy favoring disposition on the merits, however, it remains

4

1 a litigant's responsibility to comply with orders issued by the court and "to move towards that disposition
2 at a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1454
3 (quoting Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiff has not fulfilled
4 that obligation.

5 The five-factor test for dismissal under Rule 41(b) is a disjunctive balancing test, so not all five
6 factors must support dismissal. See Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir.
7 1998) (noting that the five-factor test "amounts to a way for a district judge to think about what to do,
8 not a series of conditions precedent" to dismissal), cert. denied, 526 U.S. 1064 (1999); Hernandez, 138
9 F.3d at 399 (explaining that dismissal is appropriate when four factors support dismissal or where three
10 factors "strongly" support dismissal). Four of the five factors support dismissal. Therefore, this action
11 should be dismissed pursuant to Rule 41(b) and Local Rule 41-6.

12 Local Rule 41-6 authorizes dismissal "with or without prejudice for want of prosecution." In
13 general, a court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed.
14 R. Civ. P. 41(b); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering all of the
15 circumstances, this action is **dismissed in its entirety with prejudice**.

17 **IT IS SO ORDERED**.

19 DATED: November 19, 2014

R. GARY KLAUSNER
United States District Judge